UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LAWRENCE L. McMILLAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SHANE PORTER, et al.,<br><br>    Defendants. | No. ED CV 13-237-R (PLA)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

### INTRODUCTION

On February 26, 2014, the United States Magistrate Judge issued a Report and Recommendation, recommending that defendant's Motion to Dismiss be granted without prejudice for failure to exhaust administrative remedies, and that plaintiff's motion for leave to amend be denied. Thereafter, on March 25, 2014, plaintiff filed a document entitled "Notice of Intent to Respond to Objections to the Report and Recommendation with Points and Authorities in Support Thereof" ("Objections," Docket No. 95). Plaintiff also filed a "Request for Judicial Notice in Objection to U.S. Magistrate Report and Recommendation" ("Request") with an "Exhibit A" consisting of documents related to plaintiff's administrative appeal process with the CDCR as well as California's Victim Compensation and Government Claims Board. (See Docket No. 94).

**DISCUSSION**

In his Objections, plaintiff references a "TAC," which the Court construes as the Proposed TAC that plaintiff lodged on January 29, 2014, and which is discussed extensively in the Magistrate Judge's Report and Recommendation. (See, e.g., Objections, at 4-6, 8, 10-11, 13).

Further, plaintiff previously attached the "Exhibit A" of his Request to his Opposition that he filed on December 4, 2003. (See Docket No. 75 at 17-46). The Magistrate Judge already has considered this Exhibit A, as is noted in the Report and Recommendation, in connection with plaintiff's Opposition to the Motion to Dismiss as well as plaintiff's Motion to Amend to the extent that the documents contained therein are relevant to the issue of exhaustion.

In his Objections, plaintiff appears to be objecting only to the Magistrate Judge's recommendation that his SAC be denied without leave to amend and that jurisdiction be declined over his supplemental state law claims. (See Objections, at 4, 10-11). He argues that his Proposed TAC will "rid" the SAC of "unexhausted administrative issues," and that the Proposed TAC names Lozano as a defendant as an "actual connection or link between the action of defendant Shane Porter and the deprivation alleged to have been suffered." (Id. at 4-5). Plaintiff appears to argue that his federal civil rights claims are exhausted because the "nature of the wrong for which redress is sought" for "issues that were included in TAC" are the same as the "issues addressed in the prison grievance." (Id. at 6).

Plaintiff, however, does not address the Magistrate Judge's findings in the Report and Recommendation that plaintiff's one administrative grievance is not sufficient to alert prison officials to the nature of any claim pertaining to plaintiff's alleged exposure to any hazardous materials during his work assignment or of any claim pertaining to any alleged discriminatory conduct by any prison official. Nor does plaintiff address the finding that plaintiff's Proposed TAC fails to state any civil rights claim against proposed defendant Lozano because any such claim would be based on Lozano's processing of plaintiff's administrative grievance.

Accordingly, nothing in plaintiff's Objections alters the conclusion that this is a case where it is absolutely clear that the defects of plaintiff's federal claims in his Proposed TAC are incapable of being cured by amendment.

Accordingly, after full consideration of the arguments and allegations in plaintiff's Objections, the Court concludes as follows:

### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and plaintiff's Objections thereto. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: March 31, 2014

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE